**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAURICE SPEARMAN #158437,

        Plaintiff,        Civil Action No. 04-72414
                                    District Judge Arthur J. Tarnow
                                    Magistrate Judge R. Steven Whalen

v.

RAY BOWERSON, SARAH BEARSS,
BARBER MEAGHER, BARBER RANGER,
and THOMAS BIRKETT,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's petition to show cause, filed August 9, 2004 [Docket no. 11] which has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Plaintiff requests that the Court order the removal of his homosexual predator designation, placed in his file following a 1998 incident.[2] For the reasons set forth below,

---

[1] Under E.D. Mich. L.R. 7.1(d)(1)(A), motions for injunctive relief are dispositive motions.

[2] Plaintiff's motion, which he coined "petition to show cause" requests that his homosexual predator designation be removed. *Petition* at 4. The Court construes Plaintiff's motion as one for injunctive relief. *Pro se* pleadings "are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they

I recommend that Plaintiff's Motion be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, presently incarcerated at Standish Maximum Facility in Standish, Michigan, brought suit pursuant to 42 U.S.C. § 1983 on July 6, 2004, alleging that Defendants denied him equal protection by terminating his job as a law library clerk. Plaintiff further alleges that Defendants violated his constitutional rights by refusing to remove his designation as a homosexual predator. Plaintiff seeks injunctive and monetary relief. *Complaint* at 10.

Plaintiff received a homosexual predator designation subsequent to a 1998 incident. Pursuant to Policy Directive (PD) 05.01.150, Plaintiff petitioned Defendants Ranger and Birkett unsuccessfully for the removal of his predator designation. He alleges that Defendants' decision to keep him in predator status improperly took into account his job termination and a misconduct ticket issued after he refused to pick up a milk carton. Plaintiff also alleges retaliatory motives by Defendants Ranger and Birkett, claiming that Defendants failure to remove his designation was the result of his grievance and lawsuit filings against the institution.

This Court recently filed a Report and Recommendation, granting *Defendants' Motion to Dismiss and Motion for Summary Judgment* [Docket no. 15] as to Defendants Bearss,

---

fail to state a claim upon which relief can be granted." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *See also Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Bowerson, and Meagher, but denying the same motion as to Defendants Ranger and Birkett, finding that a question of material fact remained as to whether Ranger and Birkett practiced retaliation in refusing to remove Plaintiff's predator label.

## II.  STANDARDS FOR GRANTING INJUNCTIVE RELIEF

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).  "These factors are not prerequisites, but are factors that are to be balanced against each other."  *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000);  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary

injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.  ANALYSIS

#### A.  Likelihood of Success on the Merits

As discussed above, I have issued a separate Report and Recommendation denying Defendants' Motion for Summary Judgment as to the portions of the lawsuit which relate to the refusal of Defendants Ranger and Birkett to remove Plaintiff's homosexual predator designation [Docket no. 15]. Reviewing the merits of the Complaint, I found that whether Defendants' decision to retain Plaintiff's predator status resulted from retaliation was a question of material fact. However, as noted in *Overstreet , supra,* at 573, Plaintiff must demonstrate an affirmative entitlement to injunctive relief. Although my Report and Recommendation recommends the denial of Defendants' summary judgment motion as it pertains to the retaliation claims, I cannot predict with confidence that Plaintiff will ultimately prevail on merits between now and the resolution of this case.

#### B.  Irreparable Harm

Plaintiff states that his continued status as a homosexual predator prevents him from

consideration for reclassification at a lower security level prison where he could receive rehabilitative services and "contact visits." *Opposition to Defendants' Motion to Dismiss* at 3. However, assuming, *arguendo*, that he ultimately succeeds on the merits of his claim, he fails to allege irreparable harm created by his present lack of access to the benefits of a lower-security facility.

### C.  Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. The MDOC has an interest in promulgating and enforcing prison regulations, including security classifications. The public has an interest in ensuring that prison inmates have a well-regulated and operated prison system. By granting injunctive relief in this case, the Court would be in the untenable position of second-guessing and countermanding Defendants' regulations and the MDOC's legitimate prison policies.

Departments of Corrections are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators." Prior to the final disposition of Plaintiff's claims (absent a showing in the meantime that injunctive relief is warranted) such deference is appropriate in the present case.

In conclusion, a balancing of the factors weighs substantially against the grant of a TRO or  preliminary injunctive relief.

## IV.  CONCLUSION

For these reasons, I recommend that Plaintiff's petition to show cause, construed as a request for injunctive relief, [Docket no. 11] be DENIED.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                s/R. Steven Whalen
                                R. STEVEN WHALEN
                                UNITED STATES MAGISTRATE JUDGE

Dated:  July 21, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 21, 2005.

                                s/G. Wilson
                                Judicial Assistant