**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAURICE SPEARMAN #158437,

        Plaintiff,              Civil Action No. 04-72414
                                          District Judge Arthur J. Tarnow
                                          Magistrate Judge R. Steven Whalen

v.

RAY BOWERSON, SARAH BEARSS,
BARBER MEAGHER, BARBER RANGER,
and THOMAS BIRKETT,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for preliminary injunction, filed December 2, 2004 [Docket no. 18] which has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff requests that the Court order Defendants to reinstate Plaintiff in his previous position as a law library clerk.  For the reasons set forth below, I recommend that Plaintiff's Motion be denied.

---

[1] Under E.D. Mich. L.R. 7.1(d)(1)(A), motions for injunctive relief are dispositive motions.

## I. FACTUAL BACKGROUND

Plaintiff, presently incarcerated at Standish Maximum Facility in Standish, Michigan, brought suit pursuant to 42 U.S.C. § 1983 on July 6, 2004, alleging that Defendants denied him equal protection by terminating his job as a law library clerk. Plaintiff further alleges that Defendants violated his constitutional rights by refusing to remove his designation as a homosexual predator. Plaintiff seeks injunctive and monetary relief. *Complaint* at 10.

Plaintiff worked previously as a clerk in the prison's law library. In June, 2003, officers discovered three library books in his possession during a shakedown of his cell. Plaintiff, who maintained that he had properly checked out the books, was subsequently found guilty of misconduct following a disciplinary hearing.. He now requests that the Court order Defendants to reinstate him in his previous position.

## II.   STANDARDS FOR GRANTING INJUNCTIVE RELIEF

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III. ANALYSIS

#### A. Likelihood of Success on the Merits

I have issued a separate Report and Recommendation granting Defendants' Motion for Summary Judgment as to the portions of the lawsuit which relate to Plaintiff's law library job and Defendants' refusal to reinstate him. Reviewing the merits of the Complaint, I found that Defendants provided non-discriminatory reasons for his dismissal and subsequent failure

to recapture his position. Plaintiff has also filed a motion for leave to amend his complaint, which contains recent incidents of alleged discrimination, which I recommended be denied, due to the inclusion of unexhausted claims. That being the case, Plaintiff will not be able to succeed on the merits. This fact may be considered fatal to Plaintiff's request for injunctive relief.

### B. Irreparable Harm

Plaintiff states that he faces irreparable damage if he is not reinstated, claiming that he has been forced to borrow from other prisoners for his basic needs since losing his library job which paid $1.77 per hour. He asserts that his dependence on other prisoners "can lead to fights which will compromise the good order of the facility." *Motion for Preliminary Injunction* at 3. However, Plaintiff does not support his conjecture with any documentation or specific incidents suggesting personal danger or a threat to prison security. Injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors–substantial harm to others and the public interest. *See Gonzales, supra*. Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief.

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order [Docket #5] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 21, 2005.

                                            s/G. Wilson
                                            Judicial Assistant